842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Edward Lee SULLIVAN, Defendant-Appellant.
 No. 87-7402.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 14, 1988.
 
 Joseph Edward Lee Sullivan, appellant pro se.
 Henry Edward Hudson, United States Attorney, for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Edward Lee Sullivan, a federal inmate, appeals the judgment of the district court dismissing his motion for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255. Sullivan pleaded guilty in 1976 to a charge of bank robbery in violation of 18 U.S.C. Sec. 2113(a), and was sentenced to 20 years imprisonment. Sullivan has filed a number of postconviction motions and habeas corpus petitions challenging various aspects of his conviction and sentence. In his latest Sec. 2255 motion Sullivan seeks to withdraw his guilty plea and vacate the judgment of conviction on the ground of ineffective assistance of counsel. In his memorandum in support of his motion Sullivan alleges that the district court, the United States Attorney, the United States Probation Officer, and his defense counsel had reasonable cause to believe that he was insane or mentally incompetent prior to acceptance of his guilty plea. Sullivan contends that the "reasonable cause" was established by a reference in his presentence report characterizing him as mentally and emotionally unstable.
 
 
 2
 The district court did not order the Government to respond to the motion. The court noted that (1) Sullivan had filed four previous motions alleging ineffective assistance of counsel, all of which had been dismissed; and (2) Sullivan's instant motion asserted the same grounds as his prior motions. The court concluded that the motion would be dismissed under Rule 9 of the Rules Governing Section 2255 Proceedings in the United States District Courts because (1) to the extent that the motion raised the same grounds as before it was subject to dismissal as successive; and (2) to the extent that Sullivan alleged a different claim, failure to raise the claim in any of the prior motions constituted an abuse of the writ.
 
 
 3
 A successive Sec. 2255 motion can be denied based upon a prior determination only if the following criteria are satisfied: (1) the same ground presented in the subsequent application was determined adversely to the movant; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 15-17 (1963). The "same ground" is given broad, claim-based meaning, and identical facts need not have been presented in the prior motion. Miller v. Bordenkircher, 764 F.2d 245, 250 (4th Cir.1985).
 
 
 4
 We have reviewed the record in this case and the records in Sullivan's previous postconviction filings. We conclude that this claim was properly dismissed as successive under Rule 9(b). Sullivan presented this claim in a previous Sec. 2255 motion which was denied by the district court. See United States v. Sullivan, CR No. 76-233-A; C/A No. 87-0194-AM (E.D.Va. Jan. 13, 1987), aff'd, No. 87-7041 (4th Cir. July 16, 1987) (unpublished). The district court did not abuse its considerable discretion in declining to reconsider the claim. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below on the reasoning of the district court. United States v. Sullivan, C/A No. 87-1068-AM; CR No. 76-233-A (E.D.Va. Oct. 22, 1987).
 
 
 5
 AFFIRMED.